Wyly, J.
In 1864, defendant made a contract of hire with plaintiff to convey his goods in the wagons of the latter from Franklin to Newtown, in this State, and to return the teams immediately after the eómplótion of the contract to the owner, at Franklin.. The consideration of this contract was one hundred dollars, which was paid in advance. After the goods were delivered at Newtown, and the wagons unloaded, and Whilst *560 the drivers were about s'; irfcing back with the wagons, pursuant to the understanding of the parties at the time of the hire, the defendant prevailed on the drivers to convey the goods from Newton to Alexandria, which they did.' In this trip, and at Alexandria, the wagons and teams were taken or lost, or from some cause were never returned by defendant to plaintiff.
To recover the value of this property this action was instituted. On the trial, the District Judge gavo judgment against; the defendant for $2,310, and interest and costs, and he has appealed.
We tlnuk the Judge a quo .did not err in overruling defendant’s exception, that pdaintiff’s petition does not set forth where the contract was made, and whether in writing or not. Plaintiff’s petition fully discloses his cause of action. There was no valid ground for the exception.
We are satisfied from the evidence, that defendant made the contract as alleged with,plaintiff, and afterwards violated it for his own advantage or convenience, and by reason thereof plaintiff lost the property mentioned in his petition. The value of tlie property is fully proven.
We do not find in the record sufficient evidence to satisfy us, that the drivers were the agenls of plaintiff, authorized to contract with defendant. On the contrary, it seems they were only hired by plaintiff to drive his teams to Newtown and back.to Franklin; and it also seems that defendant himself,had charge of the wagons. The drivers consented to go on to'Alexandria, because they did not wish to leave the wagons, which they evidently thought defendant would take any how.
We also concur with the District Judge, that Gen. Order No. 9, issued by Gen. Canby on 28fch January, 1866, does not apply to defendant.
Even if ho were'capable of exercising military functions or enforcing a military order, we do hot think from the evidence, that he took the property in question in pursuance of the orders of the President or the commander of the forces in that expedition. >
It is therefore ordered that the judgment of the court below be affirmed, with costs.